## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-80819-BLOOM/Valle

ANDREW DOUGLAS HOLLIS,

      Plaintiff,

v.

WESTERN ACADEMY CHARTER, INC., *et al.*,

      Defendants.

_____/

### ORDER

**THIS CAUSE** is before the Court upon Defendants Western Academy Charter, Inc.,
Linda Terranova, principal, Dawn Auerbach, business manager, and Sophia R. Montanelli, after-
care staff person (collectively, "Defendants") Motion to Dismiss, ECF No. [29] ("Motion").  The
Court has carefully reviewed the Motion, all supporting and opposing submissions, the record,
and the applicable law.  For the reasons set forth below, the Motion is granted.

### I.  Background

Plaintiff Andrew Douglas Hollis ("Plaintiff" or "Hollis") initiated this action *pro se* on
May 23, 2016, asserting claims against Defendants Western Academy Charter, Terranova and
Auerbach, under 42 U.S.C. section 1983 for deprivation of his First, Fifth, and Fourteenth
Amendment rights; under 42 U.S.C. section 2000e-3(a) ("Title VII"); and 42 U.S.C. section
1983 "libel and slander."  *See generally* ECF No. [1] ("Complaint").  Hollis filed his amended
complaint on August 15, 2016, ECF No. [19] ("Amended Complaint"), adding Defendant
Montanelli, based upon the same set of operative facts of which Hollis incorporated by reference
into his amended pleading.

As alleged, this controversy arises from three principal incidents. The first incident took place on May 22, 2012, when Hollis was asked to report to Ms. Terranova's office, where she confronted him regarding another staff member's report that he had entered the aftercare storage room and "came out eating chips." Am. Compl. at 4.[1] Thereafter, Ms. Terranova allegedly handed Hollis a termination letter, stating that he was fired for stealing snacks. *Id*. Hollis alleges a connection between his firing and two previous incidents. *Id*. at 8. On March 28, 2012, Ms. Terranova called Hollis at home, after his access code had apparently been identified as triggering the school alarm during the BeforeCare Program. *Id*. at 9. According to Hollis, when he arrived at work later that afternoon, Ms. Auerbach told him that she had given his code, comprising the last four digits of his social security number, to Ms. Montanelli to use. *Id*. at 10 (incorporating by reference Compl. at 11-15). Furthermore, sometime between April 19, 2012 and May 11, 2012, Hollis attended a board meeting held to determine whether he would receive a pay raise. *Id.* at 15 (incorporating by reference Compl. at 15-18). According to Hollis, when the board questioned Ms. Terranova about how his pay compared to the pay rate of custodians in the Palm Beach County school district, she responded that he was being paid more. *Id*. at 16. Hollis disputed the assertion, pointing out to the board that he was a "head custodian," to which Ms. Terranova responded, "[w]e don't have a[] head custodian here!" *Id*. at 17. According to Hollis, Ms. Terranova does not like to be challenged, especially by subordinates, and he maintains that he was ultimately terminated as a result of eating snacks, in conjunction with the alarm code incident and his challenging Ms. Terranova at the board meeting. *Id*. at 18.

Hollis claims that his "speech concerning the school alarm, social security number, speech during the Board Meeting pertaining to his job title and pay increase; and his eating of the

---

[1] The page references in this Order refer to the docket entry page number at the top right of the Amended Complaint pages, not Plaintiff's pagination appearing at the bottom of the pages.

snacks, were protected status of his First, Fourth, Fifth and Fourteenth Amendment Rights of the United States Constitution." *Id.* at 19. Hollis appears to assert claims against Defendant Terranova for employment discrimination under 42 U.S.C. section 1983, and against Defendants Auerbach and Montanelli for violation of his First, Fourth, Fifth, and Fourteenth Amendment rights in connection with sharing the last four digits of his social security number.

## II. Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010). "A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Authority*, 2014 WL 1028926, at *1 (N.D.

Ga. March 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings

and all exhibits attached thereto.") (internal quotation marks omitted).  In the Rule 12(b)(6) context, a plaintiff's pleadings should be read as a whole.  *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1383 (11th Cir. 2010) (interpreting specific language in complaint within the context of the entire complaint); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (stating that, in a Rule 12(b)(6) context, "[w]e read the complaint as a whole").  But pleadings that "are no more than conclusions, are not entitled to the assumption of truth.   While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").  "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action.  *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).  The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. U.S.*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D.

Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ.") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).   Through this lens, the Court considers the instant Motion.

### III. Discussion

Though the Amended Complaint does not set forth claims for relief in separate counts, the Court discerns three bases for the claims asserted by Plaintiff: 1) 42 U.S.C. section 1983; 2) 42 U.S.C. section 2000e-3 ("Title VII"); and 3) defamation.   Defendants have attempted to boil down Plaintiff's Amended Complaint into eleven (11) discernible claims, arguing that all fail to state a claim for relief.   Plaintiff appears to dispute the characterizations in his Response, ECF No. [37] ("Response").   In addition, Defendants argue that Plaintiff's claims are barred by the applicable statutes of limitations and that the Amended Complaint is an impermissible shotgun pleading.   Because the application of the statute of limitations is dispositive, the Court will consider the issue first.

*Section 1983 claims*

The length of the statute of limitations in a § 1983 action is determined by the law of the state where the cause of action arose.   *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose.   This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts.").   In Florida, a four-year statute of limitations applies to claims of deprivation of rights under § 1983.   *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *see also City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury

statute of limitations, which in Florida is four years."). The accrual date of the statute of limitations in a section 1983 action is determined by federal law. *See Wallace v. Kato*, 549 U.S. 384 at 389. "A cause of action under [this] section[] will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283.

The three events that Plaintiff alleges gave rise to his claims occurred between March 28, 2012 and May 22, 2012, the date of his termination, and were perpetrated by Defendants Terranova, Auerbach, and Montanelli. Therefore, based upon the facts alleged, the statute of limitations began to run at the latest on the date of his termination, or May 22, 2012. Plaintiff filed his Complaint on May 23, 2016, one day after the limitations period expired. As a result, Plaintiff's § 1983 claims must be dismissed.

*Title VII claims*

Prior to filing a Title VII action, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). A plaintiff must also have received statutory notice from the EEOC that he or she may file suit. *See Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) ("It is clear that a single individual plaintiff in a civil action under Title VII must satisfy two jurisdictional requisites: (1) a charge must have been filed with [the] EEOC and (2) the statutory notice must have been received from [the] EEOC."). "The purpose of the exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and

promoting conciliation efforts." *Ramsay v. Broward Cty. Sheriff's Office*, 2007 WL 6861073, at

*5 (S.D. Fla. May 24, 2007) (quotations omitted).  Nowhere in the Complaint or in the Amended

Complaint does Plaintiff allege that he filed a charge of discrimination with the EEOC or

obtained a statutory notice from the EEOC.  The failure to do so is fatal to a Title VII claim.  *See*

*Wilkerson v. Grinnell Corp*., 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff

may sue for discrimination under Title VII, []he must first exhaust [his] administrative

remedies.").  Therefore, to the extent that Plaintiff asserts Title VII claims, those claims must be

dismissed.

### *Defamation claims*

Plaintiff's defamation claims suffer a similar defect.  In Florida, the statute of limitations

applicable to a defamation claim is two years.  *Bloom v. Alvereze*, 498 F. App'x 867, 877 (11th

Cir. 2012) (citing Fla. Stat. § 95.11(4)(g)).  Though it is not clear from the Complaint or the

Amended Complaint which specific statements Plaintiff contends were defamatory, Plaintiff

does allude to statements that allegedly "slander plaintiff character and employment record for

any future employment."  *See* Am. Compl. at 31.  Assuming that the statements Plaintiff is

referring to appear on the "Employment Reference" attached as Exhibit C to the Complaint, the

date of that document is August 7, 2013.  *See* ECF No. [1] at 44.  Therefore, any cause of action

based upon such statements must have been filed no later than August 7, 2015.  Plaintiff filed his

Complaint on May 23, 2016, well after expiration of the statute of limitations for defamation

claims.  As a result, the defamation claims must be dismissed.

### *Shotgun pleading*

Defendants also argue that the Amended Complaint is a "shotgun" pleading.  Motion at 7.

The Court agrees.  Plaintiff's Amended Complaint is a quintessential "shotgun pleading" – and

must be dismissed accordingly – as it incorporates a multitude of colorful facts, very few of which actually support the elements of the causes of action alleged therein.  *See Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (shotgun refers to pleadings that are "replete with factual allegations and rambling legal conclusions"); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count).  The Amended Complaint contains facts and a multitude of conclusory allegations with which Plaintiff attempts to paint a picture of a conspiracy among Defendants, culminating in his termination.  Of course, "[a] district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (citing *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA TANIA*, 93 F.3d 728, 734 (11th Cir. 1996)).  However, leave to amend need not be given if amendment would be futile.  *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same).  Amendment in this case would be futile, as the claims are time-barred.

### IV. Conclusion

Even under the relaxed pleading standard afforded to *pro se* litigants, the Court finds that Plaintiff's Amended Complaint fails.  *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).  Accordingly, Defendants' Motion to Dismiss, **ECF No. [29]**, is **GRANTED**.  Plaintiff's

Case No. 16-cv-80819-BLOOM/Valle

Amended Complaint, **ECF No. [19]**, is **DISMISSED WITH PREJUDICE**.  The Clerk of Court

is **DIRECTED TO CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 28th day of November, 2016.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

10